**FILED**
JUN 1 3 2006
EUGENE R. WEDOFF
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                )
                                      )
                                      )
   LAVERNE CARPENTER,                 )    Case No. 05 B 07944
                                      )
                                      )
                                      )
        Debtor.                       )    Chapter 7
                                      )

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO JOSEPH A. BALDI & ASSOCIATES, ATTORNEYS FOR CHAPTER 7 TRUSTEE, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

TOTAL FEES REQUESTED:   $5,419.00         TOTAL COSTS REQUESTED:  $8.80
TOTAL FEES REDUCED:     $  788.50         TOTAL COSTS REDUCED:    $0.00
TOTAL FEES ALLOWED:     $4,630.50         TOTAL COSTS ALLOWED:    $8.80

**TOTAL FEES AND COSTS ALLOWED: $4,639.30**

THE COURT HAS IDENTIFIED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE NUMERICAL NOTATION THAT APPEARS ON THE SIDE OF EACH HIGHLIGHTED ENTRY DISCLOSES THE BASIS FOR EACH DISALLOWANCE. THE NUMERICAL NOTATIONS REFER TO THE ENUMERATED PARAGRAPHS BELOW.

(1)   **Trustee Work Can Not Be Compensated As Professional Services**

"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation."*Boldt v. United States Trustee (In re Jenkins)*, 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.*, 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988)).

(2)   **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(3)   **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project...An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

(4)   **Improper Allocation of Professional Resources**

The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a

senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."; *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

Dated: June 13, 2006

_____
Eugene R. Wedoff
United States Bankruptcy Court

## Joseph A. Baldi & Associates, P. C.

Carpenter - General Administration

3/13/2006

Page 2

**In Reference to:** *Carpenter - General Administration*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 5/17/2005 | JAB | Review claims, (.5) review underlying docket for cases, (.5) meet with attorney for claimants regarding attorneys fees and costs. (.5) | 1.50 $350.00/ hr | $525.00 |
| 6/28/2005 | JAB | Review claims register at bankruptcy court | 0.30 $350.00/ hr | $105.00 |
| 8/18/2005 | ECB1 | Teleconference with estate accountant re tax implications of case and recovery of fraudulent conveyance | 0.20 $140.00/ hr | $28.00 |
| 9/15/2005 | JAB | Review Love and Moore claims, determine questions regarding same. Confer with B Ring, attorney for claimants regarding issues, information needed to resolve same. | 2.00 $350.00/ hr | $700.00 |
| 9/15/2005 | JAB | Telephone call to attorney for debtor regarding claims, possible objections to same. | 0.30 $350.00/ hr | $105.00 |
| 10/05/2005 | ECB1 | Confer with trustee re status of case | 0.10 $140.00/ hr | $14.00 |
| 10/26/2005 | JAB | Review support for Moore and Love claims, confer with Ring re same. (.7) Telephone call to debtors attorney re claims (.3) | 1.00 $350.00/ hr | $350.00 |
| 12/21/2005 | ECB1 | Confer with Trustee re status and case progress | 0.10 $140.00/ hr | $14.00 |
| 2/12/2006 | ECB | Review and edit final fee application of Trustee (.8); review and edit final fee application of Baldi & Associates (.8); review and edit final report package (1.0). | 2.60 $200.00/ hr | $520.00 |
| 2/12/2006 | RKP | Review court docket for additional case background and to obtain copies of pleadings for final report (.4); prepare report of administration for inclusion in final report (.8). | 1.20 $130.00/ hr | $156.00 |
| 2/12/2006 | RKP | Review and edit time detail for preparation of final fee application (.8); prepare trustee's fee application (1.6) and related coversheet and exhibits (.3); prepare order awarding compensation (.1); prepare Baldi & associates fee application (2.0); prepare coversheet and rule 2016 (.4); prepare order awarding compensation (.1). | 5.30 $130.00/ hr | $689.00 |
| 2/12/2006 | RKP | Review memo from L. Berg re: closing case (.1); review pre-bill in preparation of final report (.2); review form 1 and form 2 for case background (.2); review various pleadings for case background (.1). | 0.60 $130.00/ hr | $78.00 |

## Joseph A. Baldi & Associates, P. C.

Carpenter - Avoidance of real estate transfer

3/13/2006

Page    5

**In Reference to:**   *Carpenter - Avoidance of real estate transfer*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 5/16/2005 | JAB | Review file, prepare motion to compromise avoidance claim | 1.00 $350.00/ hr | $350.00 |
| 5/17/2005 | JAB | Review and revise motion for filing. (.4) Fax to attorney for settling party for review. (.3) | 0.70 $350.00/ hr | $245.00 |
| 5/18/2005 | JAB | Research real estate holdings of debtor, transfer of same and retrieve documents in support of same. | 2.00 $350.00/ hr | $700.00 |
| 6/08/2005 | JAB | Review Ring claims, amount of attorneys fees. Review adjusted offer from debtor's sons. Review claims filed to date. | 1.00 $350.00/ hr | $350.00 |
| 6/28/2005 | JAB | Prepare for and attend hearing on Carpenter Motion to Settle, Retention of Attorneys. Confer with Gina Krol regarding order, amend and submit same. | 0.70 $350.00/ hr | $245.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Total Hours   5.40 | Total Fees | $1,890.00 |